## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| Hammond Development International, Inc., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | **Civil Action No. 6:19-cv-00355** |
| Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc., | § § § § | **Jury Trial Demanded** |
| *Defendants*. | § § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hammond Development International, Inc. files this Original Complaint for patent infringement against Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc., alleging as follows:

## NATURE OF THE SUIT

1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.    Plaintiff **Hammond Development International, Inc. ("Plaintiff" or "HDI")** is a Texas corporation with its principal place of business at 3510 Turtle Creek Boulevard, Apt. 17E, Dallas, Texas 75219-5545.

3.    Defendant **Amazon.com, Inc. ("AI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

4.      Defendant **Amazon.com LLC ("ALLC")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

5.      Defendant **Amazon.com Services, Inc. ("ASI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. ASI is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

6.      Defendant **Amazon Web Services, Inc. ("AWSI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. AWSI is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

7.      Defendants AI, ALLC, ASI, and AWSI are each individually liable and are jointly and severally liable for infringement of the Patents-in-Suit. Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and considered the conduct of the others for purposes of infringement of the Patents-in-Suit. AI, ALLC, ASI, and AWS have in the past and continue to hold themselves out as a single entity – "Amazon" – acting in concert, with knowledge of each other's actions and control over each other.

8.      Defendants AI, ALLC, ASI, and AWSI are hereinafter collectively referred to as **Defendants** or **Amazon**.

### JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35

U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

10.     Amazon is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Amazon because Amazon has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Amazon because Amazon has committed acts giving rise to HDI's claims for patent infringement within and directed to this District.

11.     Upon information and belief, Amazon has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

12.     Amazon maintains a permanent physical presence within the Western District of Texas, conducting business from at least its locations at 11501 and 11601 Alterra Parkway, Austin, Texas 78758.

13.     Upon information and belief, Amazon has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Pennsylvania and in this judicial district.

14.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

15.     This cause of action asserts infringement of United States Patent No. 9,264,483 ("the '483 Patent"), United States Patent No. 9,420,011 ("the '011 Patent"), United States Patent No. 9,456,040 ("the '040 Patent"), United States Patent No. 9,705,937 ("the '937 Patent"), United States Patent No. 9,716,732 ("the '732 Patent"), United States Patent No. 10,193,935 ("the '935 Patent"), United States Patent No. 10,264,032 ("the '032 Patent"), and United States Patent No. 10,270,816 ("the '816 Patent") (collectively, the "Patents-in-Suit").

16.     The '483 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on February 16, 2016, from U.S. Patent Application No. 11,779,722, filed on July 18, 2007, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '483 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

17.     The '483 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

18.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '483 Patent.

19.     An assignment of the '483 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 02406, Frame 0451.

20.     HDI has standing to sue for infringement of the '483 Patent.

21.     The '011 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on August 16, 2016, from U.S. Patent Application No. 14/975,747, filed on December 19, 2015, naming Daniel D. Hammond

as the sole inventor. A true and correct copy of the '011 Patent is attached hereto as **Exhibit 2** and is incorporated by reference.

22.     The '011 Patent is a continuation of the '483 Patent.

23.     The '011 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

24.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '011 Patent.

25.     An assignment of the '011 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 037350, Frame 0081.

26.     HDI has standing to sue for infringement of the '011 Patent.

27.     The '040 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on September 27, 2016, from U.S. Patent Application No. 14/985,926, filed on December 31, 2015, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '040 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

28.     The '040 Patent is a continuation of the '483 Patent.

29.     The '040 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

30.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '040 Patent.

31.     An assignment of the '040 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 037390, Frame 0864.

32.     HDI has standing to sue for infringement of the '040 Patent.

33.     The '937 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on July 11, 2017, from U.S.

Patent Application No. 15/236,644, filed on August 15, 2016, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '937 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

34.     The '937 Patent is a continuation of the '011 Patent, which is a continuation of the '483 Patent.

35.     The '937 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

36.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '937 Patent.

37.     An assignment of the '937 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 039432, Frame 0207.

38.     HDI has standing to sue for infringement of the '937 Patent.

39.     The '732 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on July 25, 2017, from U.S. Patent Application No. 15/241,191, filed on August 19, 2016, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '732 Patent is attached hereto as **Exhibit 5** and is incorporated by reference.

40.     The '732 Patent is a continuation of the '040 Patent, which is a continuation of the '483 Patent.

41.     The '732 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

42.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '732 Patent.

43.     An assignment of the '732 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 039481, Frame 0665.

44.     HDI has standing to sue for infringement of the '732 Patent.

45.     The '935 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on January 29, 2019, from U.S. Patent Application No. 15/613,756, filed on June 5, 2017, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '935 Patent is attached hereto as **Exhibit 6** and is incorporated by reference.

46.     The '935 Patent is a continuation of the '937 Patent, which is a continuation of the '011 Patent, which is a continuation of the '483 Patent.

47.     The '935 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

48.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '935 Patent.

49.     An assignment of the '935 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 042600, Frame 0597.

50.     HDI has standing to sue for infringement of the '935 Patent.

51.     The '032 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on April 16, 2019, from U.S. Patent Application No. 16/257,604, filed on January 25, 2019, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '032 Patent is attached hereto as **Exhibit 7** and is incorporated by reference.

52.     The '032 Patent is a continuation the '935 Patent, which is a continuation of the '937 Patent, which is a continuation of the '011 Patent, which is a continuation of the '483 Patent.

53.     The '032 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

54.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '032 Patent.

55.     HDI has standing to sue for infringement of the '032 Patent.

56.     The '816 Patent, entitled "Method and System for Enabling a Communication Device to Remotely Execute an Application," duly and legally issued on April 23, 2019, from U.S. Patent Application No. 16/193,532, filed on November 16, 2018, naming Daniel D. Hammond as the sole inventor. A true and correct copy of the '816 Patent is attached hereto as **Exhibit 8** and is incorporated by reference.

57.     The '816 Patent is a continuation the '935 Patent, which is a continuation of the '937 Patent, which is a continuation of the '011 Patent, which is a continuation of the '483 Patent.

58.     The '816 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

59.     Plaintiff HDI is the owner and assignee of all rights, title, and interest in and under the '816 Patent.

60.     An assignment of the '816 Patent from inventor Daniel D. Hammond to Plaintiff HDI is recorded at the USPTO at Reel 047527, Frame 0913.

61.     HDI has standing to sue for infringement of the '816 Patent.

62.     Amazon has not obtained a license to any of the Patents-in-Suit.

63.     Amazon does not have HDI's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

64.     Amazon needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of HDI's patent rights.

## GENERAL ALLEGATIONS

65.     Upon information and belief, Amazon makes, uses, sells, offers to sell, and/or imports into the United States systems for enabling a communication device to remotely execute an application as claimed in each of the Patents-in-Suit. For example, Amazon Alexa operates on a communication system including a plurality of components, including but not limited to application servers, to allow Alexa-enabled communication devices to remotely execute one or more applications (including applications developed by Amazon and/or by third-party developers through the Alexa Skills capabilities) associated with Amazon Alexa (hereinafter, the "**Alexa Platform**").

66.     Upon information and belief, Amazon makes, uses, sells, offers to sell, and/or imports into the United States communication devices as claimed in each of the Patents-in-Suit, including without limitation Amazon Echo, Echo Dot, Echo Plus, Echo Show, Echo Spot, and other Amazon Alexa-enabled devices (hereinafter, the **"Alexa Devices"**).

67.     Amazon has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Alexa Devices and by making, using, testing, operating, selling, and/or offering for sale a communications system that supports Alexa Devices (*e.g.*, the Alexa Platform).

68.     Amazon's customers have infringed and continue to infringe the Patents-in-Suit by using the Alexa Devices purchased from Amazon. Through its product manuals and/or sales and marketing activities, Amazon solicits, instructs, encourages, and aids and abets its customers to purchase and use the Alexa Devices in an infringing way.

69.     Amazon has knowledge of the Patents-in-Suit at least as of the filing of this lawsuit.

70.     Amazon's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

71.     Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Amazon's specific intent and/or willful blindness with respect to infringement.

72.     HDI has been and continues to be damaged as a result of Amazon's infringing conduct. Amazon is therefore liable to HDI in an amount that adequately compensates HDI for Amazon's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

73.     Amazon markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Alexa Devices. Accordingly, HDI is entitled to collect damages from Amazon for convoyed sales of certain non-patented items.

74.     Amazon failed to obtain permission from HDI to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit.

75.     Attached to this Complaint are **Exhibits 17–31**, which are exhibits supporting the sample claim charts **Exhibits 9–16**) and are incorporated by reference herein and in the claim charts. Certain exhibits (*e.g.*, **Exhibit 19**) are video files. The video file exhibits filed with this complaint include URLs for the cited videos, which are incorporated by reference herein and in the claim charts. Copies of the video exhibits will be provided with service of this Complaint.

76.     For each count of infringement listed below, HDI incorporates and re-states the allegations contained in the preceding paragraphs above including these General Allegations as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '483 PATENT

77.     HDI incorporates herein the allegations made in paragraphs 1–76.

78.     Amazon has been and is now directly infringing the '483 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by and/or that practice the methods described in at least Claims 10, 12, 14, 15, 16, 17, 18, 22, 24, 25, and/or 28 of the '483 Patent.

79.     Amazon makes, uses, sells, offers to sell, and/or imports a communication system capable of enabling one or more communication devices to remotely execute one or more applications. This communication system infringes at least Claims 10, 12, 14, 15, 16, 17, and/or 18 of the '483 Patent.

80.     Additionally, by supporting, developing, implementing, and/or otherwise providing the Amazon Alexa Platform, Amazon has practiced a method for enabling one or more communication devices to remotely execute one or more applications. This method infringes at least Claims 22, 24, 25, and/or 28 of the '483 Patent.

81.     For example, Amazon Alexa operates on a communication system including Alexa Voice Service (AVS), Alexa Skills Kit (ASK), Amazon Web Services (AWS) Lambda, Amazon Simple Storage Service (S3), and other supporting AWS elements, to allow Alexa Devices to remotely execute one or more Amazon Alexa applications.

82.     Additionally, Amazon is indirectly infringing the '483 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 10, 12, 14, 15, 16, 17, 18, 22, 24, 25, and/or 28 of the '483 Patent.

83. Amazon has had actual knowledge of the '483 Patent at least since the filing of this lawsuit.

84. Amazon's ongoing actions represent a specific intent to induce infringement of at least Claims 10, 12, 14, 15, 16, 17, 18, 22, 24, 25, and/or 28 of the '483 Patent.

85. An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '483 Patent is attached as **Exhibit 9** and incorporated herein by reference.

86. As a result of Amazon's infringement of the '483 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## <u>COUNT II – INFRINGEMENT OF THE '011 PATENT</u>

87. HDI incorporates herein the allegations made in paragraphs 1–86.

88. Amazon has been and is now directly infringing the '011 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by and/or that practice the methods described in at least Claims 11, 16, 17, and/or 23 of the '011 Patent.

89. Amazon makes, uses, sells, offers to sell, and/or imports a non-transitory computer readable storage medium having stored thereon a computer-executable application software program that, when executed on a communication system, enables one or more communication devices to remotely execute and to provide services to an application.

90. For example, the Amazon Alexa Platform includes servers comprising a non-transitory computer-readable storage medium having stored thereon a computer-executable application software program that operates on a communication system (including Alexa Voice Service (AVS), Alexa Skills Kit (ASK), Amazon Web Services (AWS) Lambda, Amazon Simple

Storage Service (S3), and other supporting AWS elements) to allow Alexa Devices to remotely execute and provide services to one or more Amazon Alexa applications. The application software program (*e.g.*, Alexa software) causes the one or more application servers to perform the method of at least Claims 11, 16, 17, and/or 23 of the '011 Patent.

91.     Additionally, Amazon is indirectly infringing the '011 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 11, 16, 17, and/or 23 of the '011 Patent.

92.     Amazon has had actual knowledge of the '011 Patent at least since the filing of this lawsuit.

93.     An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '011 Patent is attached as **Exhibit 10** and incorporated herein by reference.

94.     As a result of Amazon's infringement of the '011 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.


## COUNT III – INFRINGEMENT OF THE '040 PATENT

95.     HDI incorporates herein the allegations made in paragraphs 1–94.

96.     Amazon has been and is now directly infringing the '040 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 3, 4, 5, 11, 12, and/or 13 of the '040 Patent.

97.     Amazon makes, uses, sells, offers to sell, and/or imports a communication system capable of enabling one or more communication devices to remotely execute one or more

applications. This communication system infringes at least Claims 1, 3, 4, 5, 11, 12, and/or 13 of the '040 Patent.

98.     For example, Amazon Alexa operates on a communication system including Alexa Voice Service (AVS), Alexa Skills Kit (ASK), Amazon Web Services (AWS) Lambda, Amazon Simple Storage Service (S3), and other supporting AWS elements, to allow Alexa Devices to remotely execute one or more Amazon Alexa applications.

99.     Additionally, Amazon is indirectly infringing the '040 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 3, 4, 5, 11, 12, and/or 13 of the '040 Patent.

100.     Amazon has had actual knowledge of the '040 Patent at least since the filing of this lawsuit.

101.     An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '040 Patent is attached as **Exhibit 11** and incorporated herein by reference.

102.     As a result of Amazon's infringement of the '040 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.


### COUNT IV – INFRINGEMENT OF THE '937 PATENT

103.     HDI incorporates herein the allegations made in paragraphs 1–102.

104.     Amazon has been and is now directly infringing the '937 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 3, 8, 10, 11, 14, 17, and/or 24 of the '937 Patent.

105.    Amazon makes, uses, sells, offers to sell, and/or imports a communication device that infringes at least Claims 1, 3, 8, 10, 11, 14, 17, and/or 24 of the '937 Patent.

106.    For example, the Alexa Devices are communication devices made, used, sold, offered for sale and/or imported by Amazon.

107.    Additionally, Amazon is indirectly infringing the '937 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 3, 8, 10, 11, 14, 17, and/or 24 of the '937 Patent.

108.    Amazon has had actual knowledge of the '937 Patent at least since the filing of this lawsuit.

109.    An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '937 Patent is attached as **Exhibit 12** and incorporated herein by reference.

110.    As a result of Amazon's infringement of the '937 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.


## <u>COUNT V – INFRINGEMENT OF THE '732 PATENT</u>

111.    HDI incorporates herein the allegations made in paragraphs 1–110.

112.    Amazon has been and is now directly infringing the '732 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 4, and/or 5 of the '732 Patent.

113.    Amazon makes, uses, sells, offers to sell, and/or imports one or more application servers (*e.g.*, the AVS server(s) for automatic speech recognition (ASR), natural language

understanding (NLU), and/or text-to-speech synthesis, and/or the AWS Lambda server(s) for Alexa Skills) that infringe at least Claims 1, 4, and/or 5 of the '732 Patent.

114.   Additionally, Amazon is indirectly infringing the '732 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 4, and/or 5 of the '732 Patent.

115.   Amazon has had actual knowledge of the '732 Patent at least since the filing of this lawsuit.

116.   An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '732 Patent is attached as **Exhibit 13** and incorporated herein by reference.

117.   As a result of Amazon's infringement of the '732 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT VI – INFRINGEMENT OF THE '935 PATENT

118.   HDI incorporates herein the allegations made in paragraphs 1–117.

119.   Amazon has been and is now directly infringing the '935 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 21, and/or 23 of the '935 Patent.

120.   Amazon makes, uses, sells, offers to sell, and/or imports a communication system capable of enabling at least one communication device to remotely execute one or more

applications. This communication system infringes at least Claims 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 21, and/or 23 of the '935 Patent.

121.    For example, Amazon Alexa operates on a communication system including Alexa Voice Service (AVS), Alexa Skills Kit (ASK), Amazon Web Services (AWS) Lambda, Amazon Simple Storage Service (S3), and other supporting AWS elements, to allow Alexa Devices to remotely execute one or more Amazon Alexa applications.

122.    Additionally, Amazon is indirectly infringing the '935 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 21, and/or 23 of the '935 Patent.

123.    Amazon has had actual knowledge of the '935 Patent at least since the filing of this lawsuit.

124.    An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '935 Patent is attached as **Exhibit 14** and incorporated herein by reference.

125.    As a result of Amazon's infringement of the '935 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.


## COUNT VII – INFRINGEMENT OF THE '032 PATENT

126.    HDI incorporates herein the allegations made in paragraphs 1–125.

127.    Amazon has been and is now directly infringing the '032 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 22, and/or 23 of the '032 Patent.

128.    Amazon makes, uses, sells, offers to sell, and/or imports a communication device that infringes at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and/or 15 of the '032 Patent.

129.    Amazon makes, uses, sells, offers to sell, and/or imports a client device that infringes at least Claims 16, 20, 21, 22, and/or 23 of the '032 Patent.

130.    For example, the Alexa Devices are communication devices made, used, sold, offered for sale and/or imported by Amazon.

131.    Additionally, Amazon is indirectly infringing the '032 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 22, and/or 23 of the '032 Patent.

132.    Amazon has had actual knowledge of the '032 Patent at least since the filing of this lawsuit.

133.    An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '032 Patent is attached as **Exhibit 15** and incorporated herein by reference.

134.    As a result of Amazon's infringement of the '032 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT VIII – INFRINGEMENT OF THE '816 PATENT

135.    HDI incorporates herein the allegations made in paragraphs 1–134.

136.    Amazon has been and is now directly infringing the '816 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by and/or that practice the methods described in at least Claims 1, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, 19, 20, 24, 25, 27, 28, and/or 29 of the '816 Patent.

137.    Amazon makes, uses, sells, offers to sell, and/or imports a communication system that infringes at least Claims 1, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, and/or 19 of the '816 Patent.

138.    Amazon makes, uses, sells, offers to sell, and/or imports an interactive, voice-based communication system that infringes at least Claims 20, 24, 25, 27, and/or 28 of the '816 Patent.

139.    Amazon practices a method of providing responses in an interactive, voice-based communication system that infringes at least Claim 29 of the '816 Patent.

140.    For example, Amazon Alexa operates on a communication system including Alexa Voice Service (AVS), Alexa Skills Kit (ASK), Amazon Web Services (AWS) Lambda, Amazon Simple Storage Service (S3), and other supporting AWS elements, to allow Alexa Devices to remotely execute one or more Amazon Alexa applications.

141.    Additionally, Amazon is indirectly infringing the '816 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Alexa Devices and/or by instructing customers how to use the Alexa Devices and/or the Alexa Platform in a way that directly infringes at least Claims 1, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, 19, 20, 24, 25, 27, 28, and/or 29 of the '816 Patent.

142.    Amazon has had actual knowledge of the '816 Patent at least since the filing of this lawsuit.

143.    An exemplary claim chart comparing Amazon's infringing systems/methods to one or more claims of the '816 Patent is attached as **Exhibit 16** and incorporated herein by reference.

144.    As a result of Amazon's infringement of the '816 Patent, HDI has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.


## DEMAND FOR A JURY TRIAL

145.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HDI demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

146.    WHEREFORE, HDI respectfully requests that this Court enter judgment in its favor and grant the following relief:

147.    A judgment that Amazon has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

148.    A judgment and order requiring Amazon to pay HDI past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

149.    A judgment and order requiring Amazon to pay HDI reasonable ongoing royalties on a going-forward basis after final judgment;

150.    A judgment and order requiring Amazon to pay HDI pre-judgment and post-judgment interest on the damages award;

151.    A judgment and order requiring Amazon to pay HDI's costs; and

152.    Such other and further relief as the Court may deem just and proper.

Dated: June 6, 2019

Respectfully submitted,

ERIC M. ALBRITTON
STATE BAR NO. 00790215
BRENT N. BUMGARDNER
STATE BAR NO. 00795272
ANDREW J. WRIGHT
STATE BAR NO. 24063927
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ema@nbafirm.com
brent@nbafirm.com
andrew@nbafirm.com

JOSEPH P. OLDAKER
ILLINOIS BAR NO. 6295319
     (*pro hac vice application to be filed*)
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1583 (telephone)
joseph@nbafirm.com

**COUNSEL FOR PLAINTIFF
HAMMOND DEVELOPMENT
INTERNATIONAL, INC.**