IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **HAMMOND DEVELOPMENT** § <br> **INTERNATIONAL, INC.,** § <br> Plaintiff, § <br> § <br> § **CIVIL ACTION 6:19-cv-00355-ADA** <br> v. § <br> § **JURY TRIAL DEMANDED** <br> **AMAZON.COM, INC.,** § <br> **AMAZON.COM LLC,** § <br> **AMAZON.COM SERVICES, INC.,** § <br> **AND** § <br> **AMAZON WEB SERVICES, INC.,** § <br> Defendants. § | |

**ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date the Motion of Defendants Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc. (the "Amazon Defendants") for Intra-District Transfer pursuant to 28 U.S.C. § 1404(a), filed on October 27, 2019. ECF No. 30. Plaintiff Hammond Development International, Inc. ("HDI") filed its response on November 13, 2019 (ECF No. 34) and the Amazon Defendants replied on November 20, 2019 (ECF No. 35).

After careful consideration, the Court **GRANTS** the Amazon Defendants' motion to transfer the case to the Austin Division of the Western District of Texas for the reasons described below.

**I.     Background**

HDI filed this lawsuit on June 6, 2019 alleging infringement of United States Patent No. 9,264,483 ("the '483 Patent"), United States Patent No. 9,420,011 ("the '011 Patent"), United States Patent No. 9,456,040 ("the '040 Patent"), United States Patent No. 9,705,937 ("the '937

1

Patent"), United States Patent No. 9,716,732 ("the '732 Patent"), United States Patent No. 10,193,935 ("the '935 Patent"), United States Patent No. 10,264,032 ("the '032 Patent"), and United States Patent No. 10,270,816 ("the '816 Patent") (collectively, the "Patents-in-Suit"). ECF No. 1 at ¶15.

## II.     Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that

make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)).  The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*  Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege.").  However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III.   Discussion

As noted above, the preliminary question in the transfer analysis is whether the action could have been brought in the destination venue. *Volkswagen II*, 545 F.3d at 312.  Here, neither the

Amazon Defendants nor HDI contest that venue is proper in the Austin Division of the Western District of Texas and that the suit could have been filed there. ECF No. 30 at 5; ECF No. 34 at 4. Accordingly, the Court moves past the preliminary question and weighs the private and public interest factors to determine whether transfer is warranted.

### a. Relative ease of access to sources of proof

In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316.

In their motion to transfer, the Amazon Defendants argue that this factor weighs in favor of transfer because "there are no relevant documents or witness in the Waco Division." ECF No. 30 at 6. Instead, the Amazon Defendants point to the "DeviceOS team" in Austin which "comprises 40 engineers of which 11 focus specifically on connectivity features of the accused devices." *Id.* at 2. The Amazon Defendants argue that the engineers themselves and all documents relevant to their work are located in Austin. *Id.* at 6. Additionally, the Amazon Defendants argue that none of HDI's witnesses or documents are located in the Waco Division; rather, the Amazon Defendants claim that HDI's employees and documents are likely located in Dallas where the inventor of the Patents-in-Suit lives and where HDI has its principal place of business. *Id.*

In its response, HDI acknowledges that its headquarters and documents are in the Dallas area, but argues that Waco is closer to Dallas than Austin. ECF No. 34 at 5. Next, HDI argues that to the extent that documentation is necessary, such documentation will be provided in an electronic format and that transfer from Waco to Austin will not make accessing electronic files more convenient. *Id.* Finally, HDI identifies multiple individuals located in or near the Dallas area and argues that these witnesses and third-party sources of proof are closer to Waco than Austin. *Id.* at 6.

In their reply, the Amazon Defendants emphasize that HDI has only pointed to facts, witnesses, and documents in or near Dallas and not in the Waco Division. ECF No. 35 at 1. Conversely, the Amazon Defendants note that the bulk of their engineers, documents, and evidence is located within Austin itself. *Id.* at 2. Finally, the Amazon Defendants challenge the likelihood and necessity of HDI's Dallas based third-party and prosecution history witnesses actually testifying at trial. *Id.* at 3–4.

The Court finds that the "relative ease of access to sources of proof" weighs in favor of transfer. Because the Amazon Defendants are the accused infringers, they will likely have the bulk of documents that are relevant to this case. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). While HDI points to documents and witnesses in or near Dallas, these sources are not within the Waco Division unlike the Amazon Defendants' sources which are physically within the Austin Division. Accordingly, the location of the sources of proof weighs in favor of transfer to Austin in this case.

### b. Availability of compulsory process to secure the attendance of witnesses

In their motion, the Amazon Defendants contend that this factor is neutral and that they are not aware of any third-party witnesses unwilling to attend trial. ECF No. 30 at 9. In its reply, HDI acknowledges the Amazon Defendants' assertion and does not contest that this factor is neutral. ECF No. 34 at 5. The Court agrees that this factor is neutral.

### c. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *Genentech*, 566 F.3d at 1342. While a court should not consider the significance of identified

5

witnesses' testimonies, it should consider whether the witnesses may provide materially relevant evidence. *Id.* at 1343.

To assist in analyzing this factor, the Fifth Circuit adopted a "100-mile rule." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) ("*Volkswagen I*"); *see also Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Consequently, the threshold question is whether the movant's proposed venue and a plaintiff's chosen venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317. If the distance is greater, then a court will consider the distances between the witnesses and the two proposed venues. *See id.* Importantly, the venue need not be convenient for all witnesses. *Genentech*, 566 F.3d at 1345. Indeed, if a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside. *See id.*

"Given the typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in a 1404(a) briefing will testify at trial." *Fintiv, Inc. v. Apple Inc.*, 6:18-CV-00372-ADA, 2019 WL 4743678, at *6 (W.D. Tex. Sept. 13, 2019). Rather, the Court assumes only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial. *Id.* Consequently, long lists of potential party and non-party witnesses do not affect the Court's analysis for this factor. *Id.*

Considering the arguments of the parties, the Court finds that this favor weighs in favor of transfer for the reasons that follow. With respect to the witnesses of the Amazon Defendants, engineers working on the "DeviceOS and Echo Platform Software teams" with relevant knowledge

6

of the accused devices reside and work in Austin. ECF No. 30 at 7. Turning to the HDI witnesses, HDI argues that its own party and third-party witnesses all reside in or near Dallas and thus are closer to Waco. ECF No. 34 at 9. Thus, party witnesses of the Amazon Defendants work and reside in the Austin Division, while both party witnesses of HDI and third-party witnesses work and reside in or near Dallas.

Given typical time limits at trial, the Court concludes that it is highly unlikely that any of the third-party witnesses HDI identifies will testify at trial.  Therefore, the weighing of this factor depends entirely on the relative cost of attendance of the party witnesses.

All of HDI's party witnesses are located in Dallas, which means that they will need to travel to trial, either approximately 100 miles to Waco or approximately 200 miles to Austin. Because they have to travel to attend trial, they will need lodging for the duration of trial, which is typically more expensive in Austin.  Therefore, due to shorter travel times and cheaper lodging costs, Waco has a lower cost of attendance for the HDI witnesses.

Many of the party witnesses for the Amazon Defendants reside directly in Austin and will only have to travel if the trial takes place in Waco. The Amazon Defendants also contend that Austin would be more convenient for their potential party witnesses in Sunnyvale and Seattle because these witnesses can work in the Austin offices owned by two of the Amazon Defendants and can fly directly to Austin but not directly to Waco. ECF No. 30 at 7.  If the trial takes place in Austin, only those Amazon witnesses from Sunnyvale and Seattle will need lodging while the Austin-based Amazon witnesses can stay at their homes.  By contrast, if the trial is in Waco, all of Amazon's witnesses will need to pay for lodging in Waco.  Therefore, due to additional travel time and significantly higher total lodging costs, Austin likely has a lower cost of attendance for the Amazon witnesses.

While Waco has a lower cost of attendance for HDI witnesses and Austin has a lower cost of attendance for Amazon witnesses, because there are likely significantly more Amazon witnesses than HDI witnesses and because many of the Amazon witnesses can stay in their Austin homes if the trial is in Austin thus lowering overall lodging costs, the Court concludes that this facts weighs in favor of transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

In their motion, the Amazon Defendants argue that this factor favors transfer for three reasons: (1) the Court has not entered a scheduling order, (2) the trial is in its earliest stages, and (3) HDI's co-pending litigation does not justify denying transfer. ECF No. 30 at 8.

In its reply, HDI claims that this factor is neutral because the Court has entered an Order Governing Proceedings and has provided a default schedule to govern the case. ECF No. 34 at 9.

Since the filing of the Amazon Defendants' Motion to Transfer, this case has been consolidated with the previously co-pending HDI litigation pursuant to FED. R. CIV. P. 42. ECF No. 38. Additionally, the Court has entered a Joint Proposed Scheduling Order setting the Markman hearing on May 15, 2020 in Austin. The Court finds that this factor is neutral because proceeding to trial in Austin after holding the Markman hearing there would be just as easy and expeditious as proceeding to trial in Waco, where this case has developed thus far.

### e. Administrative difficulties flowing from court congestion

In their motion, the Amazon Defendants contend that this factor is neutral. ECF No. 30 at 9. In its reply, HDI acknowledges the Amazon Defendants' assertion and does not contest that this factor is neutral. ECF No. 34 at 5. The Court agrees that this factor is neutral.

### f. Local interest in having localized interests decided at home

In their motion, the Amazon Defendants argue that Austin has "substantially more interest and connection to the outcome of this litigation than Waco." ECF No. 30 at 9. According to the Amazon Defendants, while two of the Amazon Defendants operate facilities and employ more than 1200 people in Austin, neither the Amazon Defendants nor HDI has a relevant presence in Waco. *Id.* Additionally, the Amazon Defendants not that engineering teams working on the design and development of accused products perform this work within Austin.  *Id.* at 2.

In its response, HDI argues that this factor is neutral or alternatively only slightly weighs in favor of transfer. ECF No. 34 at 10. According to HDI, at least one of the Amazon Defendants "ships and sells the accused products … throughout the country" and "their commercial reach—and the local interest that attaches—extends to virtually every available venue in the country—including Waco." *Id.* Because the commercial reach and operation of all or some of the Amazon Defendants reaches Waco as well as the rest of the country, HDI argues that Waco's localized interest pushes back against transfer or makes this factor neutral. *Id.*

For the reasons that follow, the Court finds that this factor weighs in favor of transfer. First, although HDI contends that the sale and operation of accused products across the country creates a localized interest in Waco, courts must disregard "interests that 'could apply virtually to any judicial district or division in the United States,' such as the nationwide sale of infringing products." *Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 647 (E.D. Tex. 2017) (quoting *Volkswagen II*, 545 F.3d at 318). Because HDI expressly only points to interests that extend to "virtually every available venue in the country," the shipping, selling, and operation of accused products in Waco are insufficient to weigh against transfer.

Second, the Amazon Defendants have established that Austin has a substantial localized interest in this case. In addition to the 1200 employees of two of the Amazon Defendants within Austin, the engineers on the DeviceOS team design and develop the operating system for the accused Echo and Fire TV accused products. ECF No. 30 at 2. Because this suit centers around the work of engineers which design and develop components of the accused products within Austin, the Austin Division has a strong localized interest in this case. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (noting that the local interest is "strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"). For the reasons discussed above, the Court finds that this factor weighs in favor of transfer.

### g. Familiarity of the forum with the law that will govern the case

In their motion, the Amazon Defendants contend that this factor is neutral because the parties are not seeking reassignment to another judge. ECF No. 30 at 9. In its reply, HDI acknowledges the Amazon Defendants' assertion and does not contest that this factor is neutral. ECF No. 34 at 5. The Court agrees that this factor is neutral.

### h. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Just as above, the Amazon Defendants contend that this factor is neutral because the parties are not seeking reassignment to another judge. ECF No. 30 at 9. In its reply, HDI acknowledges the Amazon Defendants' assertion and does not contest that this factor is neutral. ECF No. 34 at 5. The Court agrees that this factor is neutral.

### i. Conclusion

The Court finds that the relative access to the sources of proof, the cost of attendance for willing witnesses, and the local interests in having localized issues at home factors all favor

transfer. The Court also finds that all other factors are neutral towards transfer. Thus, because three factors weigh in favor of transfer and all other factor are neutral, the Amazon Defendants have met their "heavy burden" of showing that venue is "clearly more convenient" in the Austin Division of the Western District of Texas. *Volkswagen II*, 545 F.3d at 314 n.10, 315.

### IV. Conclusion

It is therefore **ORDERED** that the Amazon Defendants' motion to transfer venue to the Austin Division of the Western District of Texas is **GRANTED** and that the above-styled case be **TRANSFERRED** to the Austin Division but remain on the docket of United States District Judge Alan D Albright and according to the scheduling order that was entered in this case on November 1, 2019.

**SIGNED** this 30th day of March, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE